IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK J. WHITE, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| COOK COUNTY PUBLIC DEFENDER'S | ) | **Trial By Jury Demanded** |
| OFFICE, an agency of Cook County, | ) | |
| Illinois, STEPHANIE HIRSHBOECK, | ) | |
| CRYSTAL MARCHIGIANA, and | ) | |
| DARLENE WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, Patrick J. White, by and through his attorneys of record, and for his complaint against defendants states and alleges as follows:

**JURISDICTION & VENUE**

1. This civil action arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.*, Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. §1981 ("Section 1981"), and the Illinois Human Rights Act, ("IHRA"), 775 ILCS 5/1-101 *et seq*.

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and §1343(a)(4), providing for original jurisdiction in this court of any civil action arising under the Constitution, laws or treaties of the United States, and in any civil action authorized by law to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights. Plaintiff further invokes the supplemental jurisdiction of this court under 28 U.S.C. § 1367 with respect to claims arising under Illinois state law.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. §626(c).

4. The unlawful employment practices alleged below were committed in Cook County, Illinois.

**PARTIES**

5. Plaintiff Patrick J. White is fifty-three (53) years of age, a white male, a United States Citizen, employed as an Assistant Public Defender in and for Cook County, Illinois, and a resident of the City of Riverside, Cook County, Illinois.

6. Defendant Cook County Public Defender's Office is an agency of Cook County, Illinois, a municipal corporation with Home Rule Powers pursuant to the provision of Article VII, Section 6 of the Constitution of the State of Illinois.

7. Defendant Stephanie Hirschboeck is the Chief of the Felony Trial Division of the Cook County Public Defender's Office at the 26th and California Criminal Court House and a member of the Promotions Board of Grade IV Public Defender Homicide Task Force Attorneys.

8. Defendant Crystal Marchigiana is the Supervisor of the Cook County Public Defender Murder Task Force for Cook County and member of the Promotions Board of Grade IV Public Defender Homicide Task Force Attorneys.

9. Defendant Darlene Williams is the Chief of the 5th Municipal District, Bridgeview, Cook County Public Defender's Office and a member of the Promotions Board of Grade IV Public Defender Task Force Attorneys.

**PROCEDURAL REQUIREMENTS**

10. On or about June 17, 2014 the Plaintiff filed a Charge of Discrimination with

the U.S. Equal Employment Opportunity Commission which was cross-filed with the Illinois Department of Human Rights.

11. On June 27, 2014 the EEOC issued a Notice of Right to Sue advising the Plaintiff that he had the right to sue within 90 days of the receipt of the notice.

12. This Action is filed within 90 days of the receipt of the Notice of Right to Sue.

## GENERAL ALLEGATIONS

13. Defendants Stephanie Hirschboeck, Crystal Marchigiana, and Darlene Williams are Assistant Public Defenders of Cook County and supervisors reporting to the Public Defender, and were appointed as the Promotions Board for vacancies in the position of Grade IV Murder Task Force Attorneys, 2013.

14. Plaintiff Patrick J. White is and was at all times material hereto an Assistant Public Defender for Defendant Cook County, Illinois. Plaintiff applied for the position of Grade IV attorney, was found qualified for the Appointment, but was unlawfully denied promotion by Defendants because of his age (53), sex (male) and race (Caucasian).

## INCORPORATION OF ALLEGATIONS

15. All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## FIRST CLAIM FOR RELIEF

### AGE DISCRIMINATION UNDER THE ADEA & IHRA
### AGAINST DEFENDANT COOK COUNTY PUBLIC DEFENDER'S OFFICE

16. The Plaintiff, an experienced and qualified Assistant Public Defender, was denied appointment as a Grade IV Murder Task Force Attorney because of his age (53).

17. Defendant Cook County Public Defender's Office willfully and knowingly discriminated against the Plaintiff based on his age in violation of the ADEA and IHRA.

18. Defendant acted with malice and reckless indifference to Plaintiff's federally-protected rights.

19. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been deprived of promotion and has suffered economic loss.

WHEREFORE Plaintiff prays for an order directing the Defendants to immediately promote the Plaintiff to the position of Grade IV Murder Task Force Attorney. The Plaintiff further prays for make-whole relief including back pay, front pay, and compensatory damages, liquidated damages, punitive damages, general damages, attorney fees, costs and interest, and for such other relief as may in the circumstances be appropriate.

### SECOND CLAIM FOR RELIEF

### RACE DISCRIMINATION UNDER TITLE VII, SECTION 1981 AND THE IHRA AGAINST ALL DEFENDANTS

20. The Plaintiff, an experienced and qualified Assistant Public Defender was denied appointment as Grade IV Murder Task Force attorney because of his Caucasian race.

21. Defendants knowingly discriminated against the Plaintiff based on his race in violation of Title VII, Section 1981 and the IHRA.

22. Defendants acted with malice and reckless indifference to Plaintiff's federally-protected rights.

23. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been deprived of promotion and has suffered economic loss.

WHEREFORE Plaintiff prays for an order directing the Defendants to immediately promote the Plaintiff to the position of Grade IV Murder Task Force Attorney. The Plaintiff further prays for make-whole relief including back pay, front pay, compensatory damages, punitive damages, general damages, attorney fees, costs and interest, and for such other relief as may in the circumstances be appropriate.

### THIRD CLAIM FOR RELIEF

### SEX DISCRIMINATION UNDER TITLE VII AND THE IHRA AGAINST DEFENDANT COOK COUNTY PUBLIC DEFENDER'S OFFICE

24. The Plaintiff, an experienced and qualified Assistant Public Defender, was denied appointment as a Grade IV Murder Task Force Attorney because of his sex (male).

25. Defendant Cook County Public Defender's Office knowingly discriminated against the Plaintiff based on his male gender in violation of Title VII and the IHRA.

26. Defendant acted with malice and reckless indifference to Plaintiff's federally-protected rights.

27. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been deprived of promotion and has suffered economic loss.

WHEREFORE, Plaintiff prays for an order directing the Defendants to immediately promote the Plaintiff to the position of Grade IV Murder Task Force Attorney. The Plaintiff further prays for make-whole relief including back pay, front pay, compensatory damages, punitive damages, general damages, attorney fees, costs and interest, and for such other relief as may in the circumstances be appropriate.

**FOURTH CLAIM FOR RELIEF**

**RETALIATION UNDER THE ADEA, TITLE VII, SECTION 1981
AND THE IHRA AGAINST DEFENDANTS COOK COUNTY
PUBLIC DEFENDER'S OFFICE, HIRSCHBOECK & MARCHIGIANA**

28. When informed that the Plaintiff intended to and did file an EEOC Charge of Discrimination, Defendants Hirschboeck, Marchigiana, and Cook County Public Defender's Office began an overt campaign to punish the Plaintiff in retaliation for the exercise of his rights under the ADEA, Title VII, Section 1981 and the IHRA.

29. The Defendants retaliated by increasing the case load assigned to the Plaintiff to a level now more than quadruple the normal case load of other Assistant Public Defenders on the Murder Task Force.

30. The Defendants also retaliated by approving the issuance of a subpoena in the case of People v. Eric Brooks that implied the Plaintiff had suborned perjury knowing that the proposed testimony would violate attorney-client privilege and would be quashed.

31. Defendants knew that the Plaintiff had not suborned perjury and that his client had provided recorded statements consistent with the testimony to police before he even met Plaintiff.

32. The subpoena was issued to punish and humiliate Plaintiff and to damage his reputation. Because the subpoena was quashed, the Plaintiff could not correct the impression of wrongful conduct. In fact, the Defendants have knowingly libeled and slandered Plaintiff.

33. Defendants also retaliated by excluding the Plaintiff from discussions involving case assignments, including the case of People v. Alexander Vesey.

34. Defendants have denied Plaintiff training and work experience, which would have

6

enhanced his opportunity for promotion. Such opportunities were offered to younger female employees.

35. As a direct and proximate result of Defendants' actions, Plaintiff has suffered humiliation, damage to his reputation, economic loss, and emotional distress and pain and suffering.

WHEREFORE, Plaintiff prays for an order directing the Defendants to refrain from further acts of retaliation. The Plaintiff further prays for judgment against Defendants for compensatory damages, punitive damages, attorneys' fees and costs, for such other relief deemed appropriate by the Court.

PATRICK WHITE, Plaintiff,

By: /s/Michael J. Merrick
One of His Attorneys

C. Thomas White
Thomas M. White
Amy S. Jorgensen
WHITE & JORGENSEN
209 South 19th Street, Suite 310
Omaha, Nebraska 68102
Tel. (402) 346-5700
*Pro Hac Vice Admission Pending*

Michael J. Merrick (ARDC No. 6229849)
MERRICK LAW FIRM LLC
150 N. Michigan Avenue, Suite 800
Chicago, Illinois 60601
Tel. (312) 269-0200
Fax (312) 269-0800
merrick@merricklawfirm.com
*Local Counsel*

### DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands a trial by jury on all issues herein.

/s/Michael J. Merrick