# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK J. WHITE, | ) | Case No.: 14 C 7215 |
| | ) | |
| Plaintiff, | ) | **AMENDED** |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| ABISHI C. CUNNINGHAM, JR., the | ) | **Trial By Jury Demanded** |
| PUBLIC DEFENDER OF COOK COUNTY | ) | |
| In His Official Capacity, STEPHANIE | ) | |
| HIRSHBOECK, in Her Individual and/or | ) | Honorable Judge |
| Official Capacity, CRYSTAL | ) | James F. Holderman |
| MARCHIGIANA, in Her Individual and/or | ) | |
| Official Capacity, DARLENE WILLIAMS, | ) | Magistrate Judge |
| In Her Individual and/or Official Capacity | ) | Sheila Finnegan |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, Patrick J. White, by and through his attorneys of record, and

for his complaint against defendants states and alleges as follows:

### JURISDICTION & VENUE

1.      This civil action arises under the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. § 621 *et. seq.*, Title VII of the Civil Rights Act of 1964, ("Title VII"), 42

U.S.C. § 2000e *et seq*., , and 42 U.S.C. §1983 ("Section 1983").

2.      The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and

§1343(a)(4), providing for original jurisdiction in this court of any civil action arising under the

Constitution, laws or treaties of the United States, and in any civil action authorized by law to

recover damages or to secure equitable or other relief under any Act of Congress providing for

the protection of civil rights.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C.

§626(c).

4.      The unlawful employment practices alleged below were committed in Cook County, Illinois.

**PARTIES**

5.      Plaintiff Patrick J. White is fifty-three (53) years of age, a white male, a United States Citizen, employed as an Assistant Public Defender in and for Cook County, Illinois, and a resident of the City of Riverside, Cook County, Illinois.

6.      Defendant Abishi C. Cunningham, Jr., the Public Defender of Cook County, Illinois ("Defendant Cunningham"), and which is an agency of Cook County, Illinois, a municipal corporation with Home Rule Powers pursuant to the provision of Article VII, Section 6 of the Constitution of the State of Illinois.

7.      Defendant Stephanie Hirschboeck ("Defendant Hirschboeck") is the Chief of the Felony Trial Division of the Cook County Public Defender's Office at the 26th and California Criminal Court House and a member of the Promotions Board of Grade IV Public Defender Homicide Task Force Attorneys.

8.      Defendant Crystal Marchigiana ("Defendant Marchigiana") is the Supervisor of the Cook County Public Defender Murder Task Force for Cook County and a member of the Promotions Board of Grade IV Public Defender Homicide Task Force Attorneys.

9.      Defendant Darlene Williams ("Defendant Williams") is the Chief of the 5th Municipal District, Bridgeview, Cook County Public Defender's Office and a member of the Promotions Board of Grade IV Public Defender Task Force Attorneys.

## PROCEDURAL REQUIREMENTS

10.     On or about June 17, 2014 the Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission which was cross-filed with the Illinois Department of Human Rights.

11.     On June 27, 2014 the EEOC issued a Notice of Right to Sue advising the Plaintiff that he had the right to sue within 90 days of the receipt of the notice.

12.     This Action is filed within 90 days of the receipt of the Notice of Right to Sue.

## GENERAL ALLEGATIONS

13.     The duties of the Cook County Public and Assistant Public Defenders are under the direction and supervision of the Defendant Cunningham.

14.     Defendants Hirschboeck, Marchigiana, and Williams are Assistant Public Defenders of Cook County and supervisors reporting to the Defendant Cunningham as Public Defender, and were appointed as the Promotions Board for vacancies in the position of Grade IV Murder Task Force Attorneys, 2013.

15.     Plaintiff Patrick J. White is and was at all times material hereto an Assistant Public Defender for Defendant Cook County, Illinois.   Plaintiff applied for the position of Grade IV attorney, was found qualified for the Appointment to such a position.

16.     Plaintiff White was interviewed for the position of Grade IV Murder Tax Force Attorneys in 2013 by Defendants Hirschboeck, Marchigiana and Williams as part of their duties of being appointed to the Promotions Board    After the interview and promotion process took place, Defendants made the decision to deny the Plaintiff promotion to the position of Grade IV attorney despite the Plaintiff's qualifications and seniority and Plaintiff was unlawfully denied

promotion by Defendants because of his age (53), sex (male) and race (Caucasian).

## INCORPORATION OF ALLEGATIONS

17.     All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## FIRST CLAIM FOR RELIEF

### AGE DISCRIMINATION UNDER THE ADEA AGAINST DEFENDANT CUNNINGHAM

18.     The Plaintiff, an experienced and qualified Assistant Public Defender, was denied appointment as a Grade IV Murder Task Force Attorney because of his age (53).

19.     Defendant Cunningham willfully and knowingly discriminated against the Plaintiff based on his age in violation of the ADEA.

20.     Defendant Cunningham acted with malice and reckless indifference to Plaintiff's federally-protected rights.

21.     As a direct and proximate result of Defendant Cunningham's unlawful conduct, Plaintiff has been deprived of promotion and has suffered economic loss.

WHEREFORE Plaintiff prays for an order directing the Defendants to immediately promote the Plaintiff to the position of Grade IV Murder Task Force Attorney.   The Plaintiff further prays for make-whole relief including back pay, front pay, and compensatory damages, liquidated damages, punitive damages, general damages, attorney fees, costs and interest, and for such other relief as may in the circumstances be appropriate.

## SECOND CLAIM FOR RELIEF

### RACE DISCRIMINATION UNDER TITLE VII

**AGAINST DEFENDANT CUMMINGHAM**

22.　　The Plaintiff, an experienced and qualified Assistant Public Defender, was denied

appointment as Grade IV Murder Task Force attorney because of his Caucasian race.

23.　　Defendant Cunningham knowingly discriminated against the Plaintiff based on his

race in violation of Title VII.

24.　　Defendant Cunningham acted with malice and reckless indifference to Plaintiff's

federally-protected rights.

25.　　As a direct and proximate result of Defendant Cunningham's unlawful conduct,

Plaintiff has been deprived of promotion and has suffered economic loss.

WHEREFORE Plaintiff prays for an order directing the Defendants to immediately

promote the Plaintiff to the position of Grade IV Murder Task Force Attorney.　The Plaintiff

further prays for make-whole relief including back pay, front pay, compensatory damages,

punitive damages, general damages, attorney fees, costs and interest, and for such other relief as

may in the circumstances be appropriate.

## THIRD CLAIM FOR RELIEF

**SEX DISCRIMINATION UNDER TITLE VII**
**AGAINST DEFENDANT CUNNINGHAM**

26.　　The Plaintiff, an experienced and qualified Assistant Public Defender, was denied

appointment as a Grade IV Murder Task Force Attorney because of his sex (male).

27.　　Defendant Cunningham knowingly discriminated against the Plaintiff based on his

male gender in violation of Title VII.

28.　　Defendant Cunningham acted with malice and reckless indifference to Plaintiff's

federally-protected rights.

29.     As a direct and proximate result of Defendant Cunningham's unlawful conduct,

Plaintiff has been deprived of promotion and has suffered economic loss.

WHEREFORE, Plaintiff prays for an order directing the Defendants to immediately

promote the Plaintiff to the position of Grade IV Murder Task Force Attorney.   The Plaintiff

further prays for make-whole relief including back pay, front pay, compensatory damages,

punitive damages, general damages, attorney fees, costs and interest, and for such other relief as

may in the circumstances be appropriate.

## FOURTH CLAIM FOR RELIEF

### RETALIATION UNDER THE ADEA AND TITLE VII
### AGAINST DEFENDANT CUNNINGHAM

30.     When informed that the Plaintiff intended to and did file an EEOC Charge of

Discrimination, Defendant Cunningham began an overt campaign to punish the Plaintiff in

retaliation for the exercise of his rights under the ADEA and Title VII.

31.     The Defendant retaliated by increasing the case load assigned to the Plaintiff to

a level now more than quadruple the normal case load of other Assistant Public Defenders on

the Murder Task Force.

32.     The Defendant also retaliated by approving the issuance of a subpoena in the

case of People v. Eric Brooks that implied the Plaintiff had suborned perjury knowing that the

proposed testimony would violate attorney-client privilege and would be quashed.

33.     Defendant knew that the Plaintiff had not suborned perjury and that his client

had provided recorded statements consistent with the testimony to police before he even met

6

Plaintiff.

34.    The subpoena was issued to punish and humiliate Plaintiff and to damage his reputation.   Because the subpoena was quashed, the Plaintiff could not correct the impression of wrongful conduct.   In fact, the Defendant has knowingly libeled and slandered Plaintiff.

35.    Defendant also retaliated by excluding the Plaintiff from discussions involving case assignments, including the case of People v. Alexander Vesey.

36.    Defendant has denied Plaintiff training and work experience, which would have enhanced his opportunity for promotion.   Such opportunities were offered to younger female employees.

37.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered humiliation, damage to his reputation, economic loss, and emotional distress and pain and suffering.

WHEREFORE, Plaintiff prays for an order directing the Defendants to refrain from further acts of retaliation.   The Plaintiff further prays for judgment against Defendant for compensatory damages, punitive damages, attorneys' fees and costs, for such other relief deemed appropriate by the Court.

FIFTH CLAIM FOR RELIEF<br>
VIOLATION OF SECTION 1983 AGAINST<br>
DEFENDANTS HIRSHBOECK,MARCHIGIANA AND WILLIAMS,<br>
IN THEIR INDIVIDUAL AND/OR OFFICIAL CAPACITIES<br>
AND AGAINST DEFENDANT CUNNINHAM

38.    Defendants, acting under color of the law of the State of Illinois, subjected Plaintiff to deprivation of the following rights, privileges, and immunities secured by the Constitution and the laws of the United States.   Defendants deprived Plaintiff of his right to

7

equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution of the United States by intentionally basing the Defendants' decisions as described above upon the Plaintiff's race, sex and age.

39.     The Defendants' adverse employment actions against Plaintiff was caused by disparate treatment sanctioned by the Defendants in their formal policies and customs and/or condoned by the Defendants in the actual policies, practices and customs followed by management and/or the Promotion Board in the workplace.

40.     As a direct and proximate result of Defendants' actions and employment of disparate treatment in their formal policies and customs and/or condoned by Defendants in the actual policies, practices and customs followed by management and/or the Promotion Board in the workplace, Plaintiff has been deprived of promotion, suffered economic loss and damage to reputation.

41.     When informed that the Plaintiff intended to and did file an EEOC Charge of Discrimination, Defendants Cunningham, Marchigiana and Hirshboeck began an overt campaign to punish the Plaintiff in retaliation for the exercise of his rights.

42.     The Defendants Cunninham, Marchigiana and Hirshboeck retaliated by increasing the case load assigned to the Plaintiff to a level now more than quadruple the normal case load of other Assistant Public Defenders on the Murder Task Force.

43.     The Defendants Cunningham, Marchigiana and Hirshboeck also retaliated by approving the issuance of a subpoena in the case of People v. Eric Brooks that implied the Plaintiff had suborned perjury knowing that the proposed testimony would violate attorney-client privilege and would be quashed.

44.     Defendants Cunningham, Marchigiana and Hirschboeck knew that the Plaintiff had not suborned perjury and that his client had provided recorded statements consistent with the testimony to police before he even met Plaintiff.

45.     The subpoena was issued to punish and humiliate Plaintiff and to damage his reputation.   Because the subpoena was quashed, the Plaintiff could not correct the impression of wrongful conduct.   In fact, Defendants Cunnigham, Marchigiana and Hirshboeck have knowingly libeled and slandered Plaintiff.

46.     Defendants Cunningham, Marchigiana and Hirschboeck also retaliated by excluding the Plaintiff from discussions involving case assignments, including the case of People v. Alexander Vesey.

47.     Defendants Cunningham, Marchigiana and Hirschboeck have denied Plaintiff training and work experience, which would have enhanced his opportunity for promotion.   Such opportunities were offered to younger female employees.

48.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered humiliation, damage to his reputation, economic loss, and emotional distress and pain and suffering.

WHEREFORE, Plaintiff prays for an order directing the Defendants to immediately promote the Plaintiff to the position of Grade IV Murder Task Force Attorney.   The Plaintiff further prays for make-whole relief including back pay, front pay, compensatory damages, punitive damages, general damages, attorney fees, costs and interest, and for such other relief as may be in the circumstances be appropriate.

PATRICK WHITE, Plaintiff,

By: /s/Thomas M. White
One of His Attorneys

C. Thomas White
Thomas M. White
Amy S. Jorgensen
WHITE & JORGENSEN
209 South 19th Street, Suite 310
Omaha, Nebraska 68102
Tel. (402) 346-5700
*Pro Hac Vice Admission*

Michael J. Merrick (ARDC No. 6229849)
MERRICK LAW FIRM LLC
150 N. Michigan Avenue, Suite 800
Chicago, Illinois 60601
Tel. (312) 269-0200
Fax (312) 269-0800
merrick@merricklawfirm.com
*Local Counsel*

## DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands a trial by jury on all issues herein.

/s/Thomas M. White

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Colleen Cavanaugh, Assistant State's Attorney, 500 Richard J. Daley Center Chicago, Illinois 60602.

/s/Thomas M. White